1

2

3

4

5

6

7 　　　　　　　　　　　　UNITED STATES DISTRICT COURT

8 　　　　　　　　　FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 　PHILLIP JOHN WATSON, 　　　　　　　　No.  2:20-cv-02314 AC

11 　　　　　　　Plaintiff,

12 　　　　v. 　　　　　　　　　　　　　　　　**ORDER**

13 　KILOLO KIJAKAZI, Acting
　Commissioner of Social Security,

14

15 　　　　　　　Defendant.

16

17 　　　　　Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18 ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II

19 of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

20 plaintiff's motion for summary judgment will be GRANTED in part and DENIED in part, and

21 defendant's cross-motion for summary judgment and motion for remand will be GRANTED.

22 Both plaintiff and the Commissioner agree the Administrative Law Judge in this case erred and

23 that the matter needs to be remanded.  Plaintiff raises some grounds for remand that the

24 Commissioner disputes, and the parties dispute whether remand should be for further proceedings

25 or an immediate award of benefits.  ECF No. 30 at 3.  The matter will be remanded to the

26 Commissioner for further proceedings.

27 _____

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
28 who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); <u>Bowen v. City of New
York</u>, 476 U.S. 467, 470 (1986).

I.  PROCEDURAL BACKGROUND

On April 15, 2014, plaintiff protectively filed an application for disability insurance benefits (DIB) pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 416, 423, 1382, alleging that he became disabled on January 1, 2012 when he was 32 years old.  Administrative Record ("AR") 171-72.[2]  Plaintiff is insured for DIB through September 30, 2018 (AR 610), thus he must prove disability prior to that date to receive DIB.  See 20 C.F.R. §§ 404.101(a).  The Commissioner of Social Security denied the application at the hearing level in an Administrative Law Judge (ALJ) decision dated April 27, 2017.  AR 22-40.  That decision was subsequently vacated when this court remanded the decision back to the agency.  AR 531-33, 547-49.  On June 17, 2020, plaintiff appeared with his attorney, Jeffrey Milam, and testified at a second hearing before ALJ Jane M. Maccione.  AR 468-515 (transcript).  Vocational Expert ("VE") Lawrence Hughes was also present and testified.  Id.

On August 5, 2020, ALJ Maccione issued an unfavorable decision finding plaintiff not disabled.  AR 445-61 (decision).  Plaintiff sought review of the ALJ's decision and filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) on November 20, 2020.  ECF No. 1.  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 11.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 22 (plaintiff's summary judgment motion), 30 (Commissioner's motion for remand and opposition), 31 (plaintiff's reply).

Plaintiff's motion for summary judgment, at 53 pages with an 11-page exhibit, is overlength under the court's standing orders, which limits motions to 20 pages.[3]  In the interest of a ruling on the merits, the court will make a one-time exception and consider the motion.  Plaintiff's counsel is reminded to comply with all page limit requirements in the future.

II.  FACTUAL BACKGROUND

Plaintiff was born in 1979 and accordingly was, at age 32, a younger person under the

---

[2]  The AR is electronically filed in readable format at ECF No. 13-2 (AR 1 to AR 797).
[3]http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standing%20Order_%20March%202021.pdf

regulations on the alleged disability date.[4]  AR 57.  Plaintiff has at least a high school education, and can communicate in English.  AR 203, 205.  Plaintiff worked briefly as a UPS driver in 2007 and as a bar back attendant at a casino from 2007-2012.  AR 205.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn

---

[4]  See 20 C.F.R. § 404.1563(c) ("younger person").

1  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

2  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

3  evidence that the ALJ did not discuss").

4       The court will not reverse the Commissioner's decision if it is based on harmless error,

5  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

6  ultimate nondisability determination.'"   Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

7  2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

8  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

9                                IV.  RELEVANT LAW

10      Disability Insurance Benefits and Supplemental Security Income are available for every

11  eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

12  is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically

13  determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

14  (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

15      The Commissioner uses a five-step sequential evaluation process to determine whether an

16  applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

17  Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

18  process to determine disability" under Title II and Title XVI).  The following summarizes the

19  sequential evaluation:

20          Step one: Is the claimant engaging in substantial gainful activity?  If
21          so, the claimant is not disabled.  If not, proceed to step two.

    20 C.F.R. § 404.1520(a)(4)(i), (b).
22

23          Step two: Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, the claimant is not disabled.

24  Id. §§ 404.1520(a)(4)(ii), (c).

25          Step three: Does the claimant's impairment or combination of
            impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
26          Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to
            step four.
27
    Id. §§ 404.1520(a)(4)(iii), (d).
28

                                        4

Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy."  Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2018.

2. [Step 1] Through September 30, 2018, the claimant engaged in substantial gainful activity during the following periods: January 1, 2012 through December 31, 2012 (20 CFR 404.1520(b) and 404.1571 et seq.).

3.  [Step 1, continued]  However, there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity.  The remaining findings address the period the claimant did not engage in substantial gainful activity.

4. [Step 2] Through the date last insured, the claimant had the following severe impairments: adult attention-deficit/hyperactivity disorder (ADHD), bipolar disorder, processing disorder, and intermittent explosive disorder (20 CFR 404.1520(c)).

5. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6.  [Residual  Functional  Capacity  ("RFC")]  After  careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity

5

to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to perform work with a Dictionary of Occupational Titles (DOT) reasoning level no greater than 2. The claimant can have only occasional interaction with supervisors, coworkers and the public. He requires a workplace with little change to the setting and routine. Finally, the claimant cannot do work in which the production requirements vary significantly from day to day.

7. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born [in 1979] and was 39 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from January 1, 2012, the alleged onset date, through September 30, 2018, the date last insured (20 CFR 404.1520(g)).

AR 447-461

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 461.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by rejecting probative medical source opinions. ECF No. 22 at 20-31. He argues that when properly credited, these medical source opinions compel a finding of disability and an order to pay benefits. Id. at 37. The plaintiff also argues that the ALJ improperly rejected lay testimony. Id. at 38-45. Id.

The Commissioner agrees that "remand is warranted because the ALJ did not sufficiently discuss John Berner, Ph.D.'s opinion and provide specific and legitimate reasons supported by

substantial evidence in assigning his opinion weight.  The Commissioner agrees that the reasons

provided by the ALJ were found inadequate by this court in <u>Watson v. Comm'r of Social</u>

<u>Security</u>, No. 1:18-cv-00865 JDP (E.D. Cal. September 24, 2019).  ECF No. 30 at 5.  The

Commissioner asserts "[r]emand is required so that the ALJ can reassess the opinion of Dr.

Berner.  Remand is also warranted so that the ALJ can address the lay witness statements in the

record."  <u>Id.</u>  Plaintiff submitted a reply, not disputing the basis for an agreed remand but

asserting that he "does not agree that a remand for further administrative proceedings is the

appropriate remedy [because in] a prior judicial case, the Court remanded Plaintiff's case for the

same reasons, but the ALJ admittedly failed to comply with the Court's order (Tr. 531-33)."  ECF

No. 31 at 1.

   A.  <u>Agreed Errors</u>

      The parties agree that the ALJ erred in her consideration of plaintiff's treating physician

Dr. Berner and in failing to address lay witness statements in the record.  ECF No. 30 at 5.

         a.  <u>Medical Testimony of Dr. Berner</u>

      John L. Berner, Ph.D., is a clinical psychologist, who saw plaintiff on June 7, 2013, June

11, 2013, and July 16, 2015.  AR 427, 431-32, 426.  On June 14, 2013, Dr. Berner indicated it

sounded like an element of Asperger's had been present throughout plaintiff's life and opined his

social skills were poor.  AR 430.  It was Dr. Berner's impression was that plaintiff had struggled

in ways that one would expect of someone who had been diagnosed with ADHD for so many

years.  AR 426.  Plaintiff's struggles with anger and impulse control suggested to Dr. Berner that

a prior diagnosis of an unusual bipolar disorder was reasonable, especially given his positive

initial response to medication for that disorder.  AR 426.  Dr. Berner opined that there were jobs

and circumstances within which plaintiff could successfully work, but these would be unusual

circumstances without the usual demands for structure, punctuality, getting along with others and

anger management.  AR 426.  Dr. Berner opined plaintiff would have an extremely difficult time

coping with the basic demands that most jobs require.  <u>Id.</u>

      The ALJ gave Dr. Berner's opinion little weight "because statements that the claimant can

or cannot work, in the context of this claim, is an administrative determination to be made by the

1   commissioner.  Moreover, although the statement suggests functional limitations, it does so

2   vaguely.  Given the lack of a consistent treating relationship and lack of specificity, this statement

3   is given little weight." AR 454-55.  As the Commissioner notes, Magistrate Judge Jeremy D.

4   Peterson previously found these reasons for rejecting Dr. Berner's opinion to be insufficient.  AR

5   532.  Because of this, the Commissioner agrees to remand.

6                   b.  Lay Witness Testimony

7       "Friends and family members in a position to observe a claimant's symptoms and daily

8   activities are competent to testify as to her condition."  Dodrill v. Shalala, 12 F.3d 915, 918-19

9   (9th Cir. 1993) (citing Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  To discount lay

10  witness testimony, an ALJ must give "reasons that are germane to each witness."  Id. at 919.

11  Here, the ALJ reviewed the opinions of plaintiff's mother, Ms. Smith, as well as other family

12  members and former employers.  AR 456-59.  The Commissioner does not specify why she

13  agrees to remand for reevaluation of lay witness testimony.  ECF No. 30.  Plaintiff only made

14  specific argument as to Ms. Smith, so the court addresses only Ms. Smith's testimony.

15      The court agrees that the ALJ made several errors in evaluating the lay witness testimony

16  of Ms. Smith.  For example, the ALJ asserts that Ms. Smith's testimony was inconsistent with her

17  son's because she noted limitations that her son did not mention.  AR 456-57.  It is not true that

18  plaintiff's failure to mention a deficit that his mother noticed renders the two statements

19  incompatible.  Id.  The ALJ also discounts Ms. Smith because, though she stated plaintiff has

20  been in counseling since childhood, the record reflects that he declined health care offered by the

21  Veterans Administration in 2006 and 2007.  AR 457.  The court finds these two pieces of

22  information not necessarily inconsistent.  Significantly, the ALJ seems to place great weight on

23  the fact that Ms. Smith signs her statements to include her professional qualification of nurse

24  practitioner, and states that "evidence suggests that she uses her professional connections to try

25  and obtain evaluation favorable to her son's claim, which is troubling." AR 457-58.  This serious

26  accusation is not supported with express evidence.  The undersigned does not find that germane

27  reasons were given for discrediting Ms. Smith.

28  ////

B. <u>Disputed Errors</u>

Plaintiff makes two claims which the Commissioner contests: (1) that the ALJ erred in weighing plaintiff's testimony, and (2) that the ALJ erred in discounting physicians Dr. Epperson, Dr. Thompson, and Dr. Bohannon.

a. <u>Plaintiff's Testimony</u>

An ALJ performs a two-step analysis to evaluate a claimant's testimony. <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014) (citations omitted). First, the ALJ must evaluate the objective medical evidence of the underlying impairment which could be reasonably expected to cause the alleged symptoms or pain, and second, if there is no evidence of malingering, the ALJ can reject the claimant's testimony as to the symptoms' severity by offering specific, clear and convincing reasons. <u>Id.</u> at 1015 (citations omitted). Inconsistent testimony and complaints inconsistent with plaintiff's daily activities are specific, clear and convincing reasons to discount a claimant's testimony. <u>Frost v. Berryhill</u>, 727 Fed. Appx. 291, 295 (9th Cir. 2018) (citations omitted).

In this case, plaintiff testified in his disability report that he is significantly limited his ability to perform work-related activities and function appropriately in a routine work environment, specifically noting that he had to stop working due to his inability to focus and behavior problems. AR 204. The ALJ found that (1) objective medical findings did not support the extent of his allegations; (2) plaintiff's minimal and inconsistent treatment that has been largely conservative in nature was inconsistent with his allegations; and (3) plaintiff's admitted activities indicated that he had greater abilities than alleged. AR 451-52. Plaintiff's lack of consistent medical treatment and his admitted activities/abilities are sufficient reasons for the ALJ to discount his testimony.

First, inconsistent or minimal medical treatment is a permissible reason to discount a plaintiff's subjective testimony. AR 452. <u>See</u> <u>Parra v. Astrue</u>, 481 F.3d 742, 750-51 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment") (citing <u>Johnson v. Shalala</u>, 60F.3d 1428, 1434 (9th Cir. 1995)). The ALJ noted that plaintiff "has had very little treatment

1    including minimal counseling and inconsistent medication management and the evidence shows

2    that he failed to continue even with this conservative therapy."  AR 452.  The ALJ considered that

3    plaintiff consistently refused medication and mental health care on essentially every occasion that

4    it was offered.  AR 452, 205, 318-19, 336, 338, 735-36, 743-44.  The ALJ reasonably concluded

5    that "this evidence demonstrates that he has not followed through with long-term treatment with

6    any of the many providers he has seen and/or have provided opinions [in this record] despite

7    having adequate resources to do so."  AR 452.

8         Second, plaintiff's daily activities demonstrate his subjective testimony regarding

9    symptoms is not supported.  AR 452, 20 C.F.R. § 404.1529(c)(3)(i) (ALJ may consider daily

10   activities); Molina, 674 F.3d at 1112 (ALJ may consider "whether the claimant engages in daily

11   activities inconsistent with the alleged symptoms").  Plaintiff alleged that he was able to work

12   around the house, prepare simple meals, mow the lawn, and do his own shopping.  AR 452 citing

13   AR 235-40.  Importantly, the ALJ considered the fact that although he alleges deficits in the

14   ability to concentrate, he can drive a car, and count change without difficulty (AR 452 citing AR

15   235-40) and spends large portions of the day playing video games, all of which requires

16   concentration.  AR 452 citing AR 340-48, 386-98, 771.  The ALJ reasonably concluded

17   plaintiff's level of activity shows a level of ability to concentrate and adapt and manage himself

18   to the extent he can perform unskilled work.  See Ahearn v. Saul, 988 F.3d 1111, 1117 (9th Cir.

19   2021).  The ALJ did not err in evaluating plaintiff's subjective testimony.

20        b.  Medical Testimony of Drs. Epperson, Thompson, and Bohannon

21        The weight given to medical opinions depends in part on whether they are proffered by

22   treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir.

23   1995), as amended (Apr. 9, 1996).

24   > Those physicians with the most significant clinical relationship with
25   > the claimant are generally entitled to more weight than those
     > physicians with lesser relationships. As such, the ALJ may only
26   > reject a treating or examining physician's uncontradicted medical
     > opinion based on clear and convincing reasons. Where such an
27   > opinion is contradicted, however, it may be rejected for specific and
     > legitimate reasons that are supported by substantial evidence in the
28   > record.

1   <u>Carmickle v. Comm'r, Soc. Sec. Admin</u>., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations

2   omitted).   "The general rule is that conflicts in the evidence are to be resolved by the Secretary

3   and that his determination must be upheld when the evidence is susceptible to one or more

4   rational interpretations."  <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987).  However, when

5   the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the

6   conflicting opinion of another physician (including another examining physician), he must give

7   "specific and legitimate reasons" for doing so.  <u>Regennitter v. Comm'r of Soc. Sec. Admin.</u>, 166

8   F.3d 1294, 1298–99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an

9   examining doctor can be rejected only for specific and legitimate reasons that are supported by

10  substantial evidence in the record.").

11                          i.  <u>Dr. Epperson</u>

12          Plaintiff attended a neuropsychological evaluation with Randall C. Epperson, PhD, ABPP

13  in July 2015.  AR 386-98.  After administering testing, Dr. Epperson he concluded that "[t]his is

14  an interesting example of a problem that is sometimes encountered: the individual can find and

15  qualify for jobs, but is unable to retain them due to emotional instability.  That is the pattern here.

16  If we look at the overall pattern over many years it shows evidence of disabling psychiatric

17  problems.  I agree with Dr. Perez that Mr. Watson is totally disabled from competitive

18  employment, and is likely to remain so indefinitely."  AR 398.  The ALJ discredited Dr.

19  Epperson, asserting the results of the testing "do not clearly demonstrate that the claimant is

20  'totally disabled' and Dr. Epperson failed to provide any specific limitations to support his

21  statement.  Thus, as in the case of prior statements finding the claimant disabled with no

22  explanation of limitations, this assessment is given little weight.  The determination of disability

23  is an issue reserved to the Commissioner."  AR 454.

24          While the court recognizes that the fact that a physician opines as to the ultimate issue of

25  disability is not a sufficient reason to discredit their opinion, here Dr. Epperson does not provide

26  functional limitations, and so the opinion on the ultimate issue of disability is the only opinion

27  provided.  The ALJ is not required to accept Dr. Epperson's opinion on the ultimate issue of

28  disability.  <u>See</u> 20 C.F.R. § 404.1527(d)(1)-(3) (Opinions on administrative findings are not

                                                11

medical opinions and "we will not give any special significance to the source of an opinion on issues reserved to the Commissioner"). Dr. Epperson's opinion does not require reevaluation and was discredited for specific and legitimate reasons.

ii.  Dr. Thompson

Dr. Thompson, Medical Director at the Mind Matters Clinic in Murphys, California, authored a letter that is attached to the first page of clinical psychologist David Simons, Ph.D.'s evaluation report. AR 684. Dr. Thompson explained that plaintiff "has been unable to accomplish activities of daily living in regards to managing a daily schedule, managing a household, managing his own finances, or sustaining any employment, even with substantial supervision and mentoring…due to his combination of impairments, [he] is incapable of gainful employment and will require lifelong supervision and support." AR 684. The ALJ gave this letter less weight because it is inconsistent with Dr. Simons' evaluation, plaintiff has held jobs consistently in the past where he did not require substantial supervision and mentoring, and because plaintiff has been able to engage in volunteer activity on a consistent basis for many years. AR 456. The court agrees that Dr. Thompson's summary is inconsistent with Dr. Simons' attached evaluation, which indicated plaintiff does not have a significant cognitive impairment. AR 686. Dr. Simons noted that plaintiff has weaknesses in working memory, his ability to register, maintain and manipulate visual and auditory information, and processing speed (AR 686), but these limitations are reasonably consistent with the ALJ's RFC findings where plaintiff is limited to simple, repetitive tasks with occasional interaction with others where production requirements do not significantly vary from day to day. AR 450. The undersigned finds specific and legitimate reasons were given for discrediting Dr. Thompson.

iii.  Dr. Bohannon

Dr. Bohannon authored an extremely cursory medical source statement in May 2020, over a year after plaintiff's date last insured expired in this case. He wrote that plaintiff was extremely limited in most areas of functioning without providing any elaboration. AR 796. The ALJ reasonably assigned no weight to this opinion because it was not based on a treating relationship and because it is conclusory and unsupported. AR 456. See Tommasetti v. Astrue, 533 F.3d

1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible").  The ALJ did not err in assessing Dr. Bohannon's opinion.

C.  Appropriate Remedy

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  Indeed, except in rare circumstances, remand for further consideration is the ordinary course.  Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1099 (9th Cir. 2014) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").  Such rare circumstances are not present here.

Plaintiff's argument to the contrary is unpersuasive.  Plaintiff argues that because the Commissioner has already faced remand once, the court should not remand again.  This is not the standard.  Rather, "[r]emand for further administrative proceedings is appropriate if enhancement of the record would be useful."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider the lay witness testimony of Ms. Smith and improperly rejected Dr. Berner's testimony.  Further review of the record consistent with this order is necessary because, notwithstanding conclusory statements that plaintiff is disabled, the actual limitations described by Dr. Berner and lay witness Ms. Smith must be evaluated and re-weighed within the context of the record as a whole.  Thus, remand for further proceedings is the appropriate remedy.  The undersigned finds that in this case, additional administrative review would be useful and this case is remanded for further proceedings.

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 22), is GRANTED in part and DENIED in part;

////

13

1      2.  The Commissioner's cross-motion for summary judgment (ECF No. 30), is

2  GRANTED;

3      3.  This matter is REMANDED to the Commissioner for further consideration consistent

4  with this order; and

5      4.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

6  DATED: March 10, 2022

7

8  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28